UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Slawomir Obarski,

    Plaintiff

vs.

United Collection Bureau, Inc

    Defendant

Case No.:2:12-cv-07788-SRC-CLW

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THIS COURT:

    Plaintiff, Slawomir Obarski, submits his Response to Defendants' Motion to Dismiss and states as follows:

### I. STATEMENT OF FACTS

    Defendant acting as an agent for Citibank attempted to collect on alleged delinquent account around December 23rd, 2010. Plaintiff responded with demand for validation which defendant failed to provide. Defendant did not to provide verified proof of the existence of the debt, and only evidence was computer printout of unknown origin. Defendant claimed that this "printout" was evidence of Plaintiff's alleged debt. Following stated events, Plaintiff requested his credit report from Credit Reporting Agencies("CRA") and noticed hard inquiry made by Defendant. United Collections Bureau initiated a hard pull of Plaintiff's credit report from Experian based on said printout and without verification of alleged debt violating Plaintiff's privacy and thereby reducing his credit score. Alleged debt was disputed with credit reporting agencies, investigation was initiated and all interested parties were notified. Defendant's inquiry or reported information, was part of Plaintiff's credit report under

Fair Credit Reporting Act for 24 months.

## II. STANDARD OF REVIEW

1. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id*. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. At 570 .

2. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id*. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct" Ashcroft v. Iqbql, 129 W.Ct. 1937, 1950 (2009).

3. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

## III ARGUMENTS

4. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.,* 87 F.3d 209, 211 (7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in Plaintiff's complaint support any legal theory that entitles Plaintiff to some relief, the court should overrule defendant's motion to dismiss.

5. Count II and Count III of the original complaint was filed under 15 U.S.C 1681s-2(a)(1)(B) and 15 U.S.C 1681s-2(a)(3), which Plaintiff learned are not enforceable by private parties. However, section15 U.S.C 1681s-2(b) allows private right of action and Plaintiff admits technical mistake has been made and will ask the court for leave to amend.

6. Defendant admits he had hard inquiry on Plaintiff's credit report. As long as Defendant's inquiry line is visible to others he is a furnisher of information. In **Relevant Facts** section Defendant states that : "... Assistant General Counsel ... advised Obarski that his account was closed and returned to Citi...". Plaintiff has never had an account with Defendant and Plaintiff does not know what Defendant closed. Defendant, however did not remove his inquiry and continued to damage Plaintiff's credit report for 24 months.

7. Defendant claims that identical complaint by Plaintiff against Client Services , Inc (2:13-02271(WJM) was dismissed. This is partially true. Court dismissed mentioned complaint but allowed Plaintiff to amend it. Amended complaint was filed with the court.

8. In his **Conclusion** Defendant stated that Plaintiff did not alleged that Defendant received notification of the dispute from CRA. Plaintiff contacted CRA on multiple occasions disputing

alleged debt and CRA responded with investigation. In his last communication with CRA on August 7th 2013 Plaintiff heard an employee of Experian stating that: : "dispute was filed and all interested parties were notified". If this is not stated explicitly in his complaint Plaintiff will ask the court to for leave to amend his complaint.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendants' Motion to Dismiss for Failure to State a Claim. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint.

Slawomir Obarski
August 18th 2013

Sławomir Obarski
110 Midland Ave 23
Midland Park, New Jersey



7011 2000 0001 2571 8797

U.S. POSTAGE PAID
MIDLAND PARK, NJ
07432
AUG 21, '13
AMOUNT
$3.56
00054658-08

UNITED STATES DISTRIC COURT
Clerk
50 WALNUT   RECEIVED
NEWARK, N.J. 07102   AUG 23 2013