UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SLAWOMIR OBARSKI, <br> Plaintiff, <br> v. <br> UNITED COLLECTION BUREAU, INC., <br> Defendant. | **Civil Action No. 12-07788 (SRC)** <br><br> **OPINION** |

**CHESLER**, District Judge

This matter is before the Court upon the motion of Defendant United Collection Bureau, Inc. ("UCB") to dismiss the Complaint filed by Plaintiff *pro se* Slawomir Obarski ("Obarski"), pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry 6.] Obarski opposes the motion. [Docket Entry 9.] The Court will rule on the papers submitted, and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant UCB's motion and dismiss the Complaint with prejudice.

I.   **Background**

This lawsuit alleges violations of the Fair Credit Reporting Act ("FCRA") in connection with a credit inquiry about Obarski made by UCB, a third-party debt collector. According to the Complaint, UCB contacted Obarski in December 2010 and "demanded payment of an alleged account." (Compl. at 1.) In connection with the collection attempt, UCB contacted Experian, a consumer credit reporting agency ("CRA"), and made a "hard inquiry" into Obarski's credit report. (Id.) This "hard inquiry" – read "credit check" – has allegedly remained on Obarski's

credit report for a two-year period, resulting in Obarski being denied credit and receiving stiffer interest rates.

## II. Discussion

### A. Standard of Review

A complaint will survive a Rule 12(b)(6) motion only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Third Circuit, following Twombly and Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement showing that the pleader is entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678. Where, as is the case here, a plaintiff proceeds *pro se*, his complaint is "to liberally construed . . . [and] held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). But *pro se* plaintiffs must still "allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

### B. UCB's Motion to Dismiss

Initially, the Court can dispose of Counts II and III of the Complaint in short order.

These Counts allege UCB violated 15 U.S.C. §§ 1681s-2(a)(1)(B)(i) and 1681s-2(a)(3), respectively, by reporting false information to Experian. (Compl. at 2-3.) Section 1681s-2(a), however, lacks a private right of action. SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 359 (3d Cir. 2011) ("[plaintiff], along with all private litigants, is unable to maintain a cause of action under 15 U.S.C. § 1681s-2(a)).; Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 447-48 (D.N.J. 2010). The Court will therefore dismiss both Counts with prejudice.

Count I alleges that UCB preformed a credit report inquiry without a "permissible purpose," in violation of 15 U.S.C. § 1681b. (Compl at 2.) Unlike § 1681s-2(a), § 1681b is enforceable by a private consumer. See Huertasv. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011) (quoting 15 U.S.C. §§ 1681b(f), 1681n(a)). But as currently plead Count I must fail. Section 1681b(a) expressly permits a CRA to "furnish a consumer report" to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . review of collection of an account of[] the consumer." Huertas, 641 F.3d at 34 (quoting § 1681(a)(3)(A)). Obarski's Complaint, however, is bereft of facts that show UCB obtained his credit report for any purpose other than to collect a delinquent account. Indeed, the Complaint itself states collection of an account is the exact reason why UCB made its credit report inquiry. (See Compl. at 1 ("Defendant contacted Plaintiff . . . with demand for payment of an alleged account.").) The Complaint – even liberally construed – simply fails to state an FCRA claim "that is plausible on its face," and dismissal is warranted. See Iqbal, 556 U.S. at 678.

Whether Obarski should be allowed leave to replead is a somewhat closer question. The Supreme Court characterizes dismissal with prejudice as a "harsh remedy," see New York v.

Hill, 528 U.S. 110, 118 (2000); leave to amend, however, need not be provided if such amendment "would be inequitable or futile." See Grayson v. Mayview State. Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Third Circuit instructs that "futility," when used in this context, means that "the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (3d Cir. 1996)).

The Court finds that amendment would be futile in this case. In point of fact, Obarski has already told the Court what he would do if granted leave to amend his Complaint – add a cause of action under 15 U.S.C. § 1681s-2(b). (See Opp. Br. at 3.)[1] Moreover, Obarski indicates that he will amend the Complaint to include a statement made by an Experian employee to the effect that a "dispute was filed" and "all interested parties were notified." (Opp. Br. at 4.) Even if such a statement is understood to mean that Experian told UCB that Obarski disputed some aspect of his credit report, Obarski would still fail to state an FCRA claim against UCB. Section 1681s-2(b) provides consumers a cause of action against "furnishers of information" that receive notice of disputed information on a credit report from a CRA but "fail[] to investigate that dispute" and continue to provide "inaccurate information after receiving notice . . . ." See Burrell, 753 F. Supp. 2d at 449; cf. SimmsParris, 652 F.3d at 359. Assuming (somewhat dubiously) that in this case UCB could be considered a "furnisher of information" for purposes of the FCRA, the only

---

[1] The Court notes that Obarski has already tried this approach once in this District. See Obarski v. Client Servs., Inc., No. 13-cv-2271 (WJM) (dismissed October 7, 2013). In that case, Obarski brought a nearly identical FCRA suit against another third-party debt collector that had placed a "hard inquiry" about Obarski with a CRA. In his initial Complaint, Obarski brought suit under, *inter alia*, § 1681(b). Judge Martini dismissed the original and First Amended Complaints without prejudice; by the Second Amended Complaint Obarski had amended to assert a single cause of action under § 1681s-2(b). Judge Martini dismissed that complaint with prejudice, finding that Obarski had not plead and could not plead a violation of § 1681s-2(b). (See No. 13-cv-2271, slip op. at 2-3 [Docket Entry 17].)

(somewhat dubious) "information" furnished by UCB is the fact that an inquiry about Obarski's credit was made to Experian. As discussed above, that inquiry was made for a permissible purpose, *i.e.*, collection of a delinquent account. It would pervert the statute to find § 1681s-2(b) furnisher liability based on a request for information that is expressly permitted by § 1681b. Further, insofar as the hard inquiry itself might be considered "information," such information is entirely accurate – both parties agree that an inquiry was in fact made. That the information regarding the "alleged" account UCB was trying to collect might be "inaccurate" is, of course, not UCB's problem. If Obarski disputes the existence of the hard inquiry on the credit report furnished by Experian, it would seem that his fight is with Experian, not with the debt collector. See SimmsParris, 652 F.3d at 359 ("the [FCRA] sets forth a framework under which the consumer reporting agency is the central focus of any private litigation"). As such, this and any future Complaint against UCB will fail to state a § 1681s-2(b) claim, and since amendment would be futile the Complaint will be dismissed with prejudice.

## III. Conclusion

For the foregoing reasons, the Court will grant UCB's motion and dismiss the Complaint with prejudice. An appropriate Order accompanies this Opinion.

 s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: November 4th, 2013